# United States Court of Appeals
# for the Federal Circuit

RICHARD GRAMM,

*Appellant*

v.

DEERE & COMPANY,

*Appellee.*

2017-1252, -1253

APPEALS FROM THE UNITED STATES PATENT AND TRADEMARK OFFICE, PATENT TRIAL AND APPEAL BOARD IN NOS. IPR2015-00898 & IPR2015-00899

**APPELLANT RICHARD GRAMM'S OPPOSED MOTION TO RECALL THE MANDATE, VACATE THE JUDGMENT, AND REMAND TO THE PATENT AND TRIAL APPEAL BOARD FOR FURTHER PROCEEDINGS**

John A. Cotter
Thomas J. Oppold
David P. Swenson
Katherine E. Muller
LARKIN HOFFMAN DALY & LINDGREN LTD.
8300 Norman Center Drive
Suite 1000
Minneapolis, MN 55437
Tel. (952) 896-8300

July 12, 2018

*Attorneys for Appellant Richard Gramm*

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

Nos. 2017-1252, -1253

RICHARD GRAMM V. DEERE & COMPANY

## CERTIFICATE OF INTEREST

Pursuant to Federal Circuit Rule 47.4, counsel of record for Appellant Richard Gramm certify as follows:

1. The full name of every party represented by us is:

   Richard Gramm

2. The names of the real parties in interest represented by us are:

   Richard Gramm and Headsight, Inc.

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the parties represented by us are:

   None

4. The names of all law firms and the partners or associates that appeared for the parties represented by us at the Board, or are expected to appear in this Court, are:

   John A. Cotter, Thomas J. Oppold, David P. Swenson, and Katherine E. Muller of Larkin Hoffman Daly & Lindgren, Ltd.

Dated: July 12, 2018 /s/ David P. Swenson

## INTRODUCTION AND RELIEF REQUESTED

Appellant Richard Gramm ("Gramm") moves this Court to recall the mandate in these appeals, vacate the judgments entered by this Court, and remand these cases back to the Patent Trial and Appeal Board (the "Board") for consideration of non-instituted claims 12-26 of U.S. Patent No. 6,202,395 (the "'395 Patent") and entry of Final Written Decisions in light of *SAS Inst., Inc. v. Iancu,* 138 S. Ct. 1348 (2018). Seven days after this Court denied Gramm's Petition for Rehearing *En Banc,* and on the same day that this Court issued its mandate, the Supreme Court in its *SAS* decision held that 35 U.S.C. § 318(a) requires the Board in an *inter partes* review ("IPR") to review all claims and grounds asserted by a petitioner. When the Board instituted the IPRs in these cases, the Board did not institute on claims 12-26 that Petitioner Deere and Company ("Deere") had challenged in its IPR petitions.

Since the *SAS* decision was issued, this Court has determined that the *SAS* decision is a significant change in law and that a patent owner does not waive its right to seek remand of non-instituted claims or grounds not considered by the Board if a party did not raise the issue of partial institution before the Supreme Court's *SAS* decision. As a result, this Court has since *SAS* uniformly remanded cases on appeal back to the Board where a party has requested remand. According to this Court, a patent owner has an interest in obtaining a final written decision that addresses all challenged claims that might otherwise cloud the perceived validity of its patent. Indeed, 5 U.S.C. §§ 706(2)(A) and (C), as well as 35 U.S.C. § 318(a), mandate that the Board decide all claims asserted in a petition as any failure to do so would be *ultra vires. Cf. Northwest Environmental*

*Advocates v. United States Environmental Protection Agency,* 537 F.3d 1006, 1019-22 (D.C. Cir. 2008) (holding the EPA acted *ultra vires* when it promulgated regulations outside the scope authorized by statute); *Iowa League of Cities v. Environmental Protection Agency,* 711 F.3d 844, 876-877 (8th Cir. 2014) (stating *§* 706 (2)(C) "authorizes courts to strike down agency rules promulgated without statutory authority."); *see also SAS,* 138 S. Ct. at 1359 (Administrative Procedures Act "direct[s] courts to set aside agency action 'not in accordance with law' or 'in excess of statutory jurisdiction, authority, or limitations," citing 5 U.S.C. §§ 706(2)(A) and (C), and stating that this "is exactly the sort of question we are called upon to decide today.").

Exceptional circumstances and good cause exist to recall the mandates issued on April 24, 2018, to vacate the judgments entered by this Court, and to remand these cases to the Board in light of *SAS*. First, *SAS* is a substantial and significant change in the law as this Court has determined. Any attempt by Gramm to compel review of claims 12-26 before the Board would have been futile in light of the then controlling law of this Court and the Board's regulations. As a significant change of the law, the *SAS* decision should be applied retroactively to any case on appeal where the Board did not institute an IPR as to all asserted claims and one of the parties moves for remand to the Board, including to these cases.

Second, this Court has uniformly remanded cases to the Board where the cases were still under appeal. While the mandate has issued in these cases, they are still under appeal until the time for Gramm to file a petition for writ of certiorari runs on July 16, 2018. If the mandate is not recalled, Gramm runs the risk of being the only patent owner

who, after motion, will not be permitted to have the non-instituted claims of an IPR on appeal reviewed by the Board in light of *SAS*.

Third, Gramm will be prejudiced by a refusal to recall the mandate, vacate the judgments, and remand these cases to the Board for further consideration in light of *SAS*. Deere has persisted in its attacks on non-instituted claims 12-26 and requested of the Patent and Trademark Office an *ex parte* reexamination of those claims two months after the Board's Final Decisions in the IPRs. Deere asserted multiple, new grounds to invalidate claims 12-26 after reviewing the Board's Institution Decisions. By doing so, Deere has attempted to circumvent the estoppel provisions of 35 U.S.C. § 315(e)(1) and commenced further challenges to claims 12-26 that would not be permissible under that statute if the Board had entered Final Written Decisions addressing all claims challenged by Deere in its Petitions. Consequently, exceptional circumstances and good cause exist to recall the mandate in these cases, vacate the judgments, and remand these cases to the Board for entry of Final Written Decisions in light of *SAS.*

## BACKGROUND

### I. PROCEDURAL HISTORY

Deere commenced two IPRs – IPR2015-00898 and IPR2015-00899 – against the '395 Patent on March 20, 2016, challenging claims 1-34 of that patent. APPX142, APPX152, APPX232, APPX297. In response, the Board instituted review of claims 1-11 and 27-34 on September 23, 2015, but declined to institute review of claims 12-26. In its Institution Decisions, the Board ruled that Deere had not established a reasonable likelihood of prevailing on the basis that the asserted combinations would have rendered

the subject matter of claims 12-26 obvious under 35 U.S.C. § 103. APPX451, APPX454, APPX457, APPX487, APPX490, APPX493. In its Final Decisions, the Board ruled that claims 1-11 and 27-34 were obvious over the prior art combinations, but did not address claims 12-26. APPX68, APPX140.

Gramm timely appealed the Board's decisions. Dkt. 1. After oral argument, this Court issued a Rule 36 affirmance on February 13, 2018, affirming the Board's decisions. Dkt. 55. On March 15, 2018, Gramm petitioned for rehearing *en banc.* Dkt. 56. On April 17, 2018, this Court denied Gramm's Petition for Rehearing *En Banc.* Dkt. 59. On April 24, 2018, this Court issued its mandate in these two appeals. Dkt. 60. That same day, the Supreme Court issued its decision in *SAS*. *SAS,* 138 S. Ct. at 1348.

## II. THE *SAS* DECISION AND ITS APPLICATION BY THIS COURT

In *SAS,* the Supreme Court addressed the regulatory scheme created for IPRs under 35 U.S.C. §§ 311-319. SAS contended that § 318(a) required the Board to decide the patentability of every claim challenged in its petition. By Board regulation, *see* 37 C.F.R. § 42.108, and by this Court's prior precedent, *see Synopsys, Inc. v. Mentor Graphics Corp.,* 814 F.3d 1309, 1315 (Fed. Cir. 2016), the Board only instituted review of a claim where it found the petitioner had established a reasonable likelihood of prevailing on the assertion that the petitioner's identified combination would render the subject matter of the claim obvious.

The Supreme Court ruled that the plain text of § 318(a) directed the Board to issue a final written decision with respect to the patentability of any patent claim or ground challenged by the petitioner, i.e., "the Board *must* address *every* claim the petitioner has

challenged in its final written decision."[1] *SAS,* 138 S. Ct. at 1355. As a result, the Supreme Court reversed the decision in *SAS* and remanded the case to this Court for further proceeding consistent with its *SAS* decision. *SAS,* 138 S. Ct. at 1359-1360.

Subsequently, this Court has remanded to the Board virtually all cases in which a party to a pending appeal has moved to have non-instituted claims heard by the Board based upon the significant change in the law created by *SAS*. *See Adidas AG v. Nike, Inc.,* slip op. at 3-4 (Fed. Cir. July 2, 2018) (citing cases). In *Adidas,* this Court noted that it had not found waiver to bar remand of the identified cases due to *SAS* being a significant change in the law. *Adidas, slip op.* at 3. As a result, this Court excused the failure of Polaris and other parties to challenge the Board's partial institution and remanded the cases to the Board for consideration of the non-instituted claims and grounds. *Adidas AG,* slip op. at 3-4.[2]

## III. GRAMM INTENDS TO FILE A PETITION FOR WRIT OF CERTIORARI IN THE U. S. SUPREME COURT.

Gramm has until July 16, 2018 to file a petition for writ of certiorari with the Supreme Court. Gramm intends to file a petition for writ of certiorari, which will request the Supreme Court to grant the petition, vacate the judgments in these two cases in light of *SAS*, and remand the cases back to this Court for a determination in light of *SAS.*

---

[1] This Court has interpreted *SAS* to require the Board to also hear each ground asserted by a petitioner in its petition, as "[e]qual treatment of claims and grounds for institution purpose has pervasive support in SAS." *Adidas AG v. Nike, Inc.*, slip op. at 4 (quoting *PGS Geophysical AS v. Iancu,* Nos. 2017-1870, 2017-1871, slip op. at 7 (Fed. Cir. May 30, 2017)).

[2] Gramm did not raise the failure of the Board to hear the non-instituted claims either before the Board or in its opening brief in these appeals.

## ARGUMENT

## I. GRAMM'S MOTION IS TIMELY.

While this Court has issued final judgments and mandates in the two pending appeals, the time for Gramm to petition for writ of certiorari to the Supreme Court does not run until July 16, 2018, 90 days (plus next business day after weekend) from the denial of Gramm's Petition for Rehearing *En Banc* on April 17, 2018. *See* Rule 13 of Supreme Court Rules. These cases are open until the time for filing a petition for writ of certiorari has been denied. *See James B. Beam Co. v. Georgia,* 501 U.S. 529, 547 (1991) (a new rule of law applies in civil cases until a "suit is barred by res judicata or by statute of limitations or by repose."). Gramm has brought this motion during the time within which Gramm has to petition the Supreme Court to review this Court's decision.

### A. The Power to Recall the Mandates

"[T]he Courts of Appeals are recognized to have an inherent power to recall their mandates." *Calderon v. Thompson,* 523 U.S. 538, 550, 551 (1998). The power, which is to be used sparingly, "can be exercised only in extraordinary circumstances." *Id.* [A]n appellate court has power to set aside at any time a mandate that was procured by fraud or act to prevent an injustice, or to preserve the integrity of the judicial process." *Ute Indian Tribe of the Uintah and Ouray Reservation v. State of Utah,* 114 F.3d 1513, 1522 (10th Cir. 1997) (citing *Coleman v. Turpen,* 827 F.2d 667, 671 (10th Cir. 1987)); *see also American Iron & Steel Inst. v. EPA,* 560 F.2d 589, 593 n. 15 (3rd Cir. 1977) (stating recall of the mandate, in a situation involving a change of law by a later Supreme Court opinion, "would appear to be an appropriate response by a court of appeals."). Gramm

respectfully submits that extraordinary circumstances and good cause exist to recall the mandates in these cases to prevent an injustice and to preserve the integrity of the judicial process.

**B. Extraordinary Circumstances and Good Cause Exist to Recall the Mandates.**

These cases present at least three unusual and extraordinary circumstances that warrant recall of the mandates issued on April 24, 2018. Viewed alone or together, they constitute good cause to recall the mandates. First, as this Court has determined, the *SAS* decision, which was issued the same day as the mandates were issued, is a significant change in law that this Court has thus far applied to remand cases back to the Board and which should be applied retroactively to all similar cases to assure that the Board carries out its mandate of the *SAS* decision. It is now clear that the Board's decisions in these appeals were not in accord with the requirements of 35 U.S.C. § 318(a). Indeed, the Board's Final Decisions are unlawful under 5 U.S.C. §§ 706(2)(A) and (C) as they are not in accordance with the law and were short of the statutory right afforded Gramm to have all challenged claims decided in the IPRs. Consequently, unless the cases are remanded to the Board, the Final Decisions would remain unlawful and *ultra vires*.

As a significant, intervening change in the law, *SAS* should be applied retroactively to all pending IPRs and appeals when one of the parties moves for its application. In *Beam*, the Supreme Court determined that a change of law should be retroactive in civil cases and stated: "Thus, the question is whether it is error to refuse to

apply a rule of federal law retroactively after the case announcing the rule has already done so. We hold that it is, principles of equality and *stare decisis* here prevailing over any claim based on a *Chevron Oil* analysis." *Beam,* 501 U.S. at 540. Two years later, the Supreme Court again addressed the retroactivity of a change of law. In *Harper v. Virginia Dept. of Taxation,* 509 U.S. 86, 97 (1993), it held:

> *Beam* controls this case, and we accordingly adopt a rule that fairly reflects the position of a majority of Justices in *Beam.* When this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect to all cases still open on direct review and as to all events, regardless of whether such event predate or postdate our announcement of the rule.

The Court explicitly stated:

> [W]e now prohibit the erection of selective temporal barriers to the application of federal law in noncriminal cases. . . . Our approach to retroactivity heeds the admonition that "[t]he Court has no more constitutional authority in civil cases than in criminal cases to disregard current law or to treat similarly situated litigants differently."

*Id.* at 97 (quoting *American Trucking Assns., Inc. v. Smith,* 496 U.S. 167, 214 (1990). These appeals, even though the mandate has issued, are open cases and still *sub judice*.

The Supreme Court's interpretation of 35 U.S.C. § 318(a), if applied by the Board from the outset, would have materially altered the results in the Deere IPRs. At the very least, the Board would have decided all 34 claims challenged in the IPR petitions, including claims 12-26. Based upon the Board's Institution Decisions, it is likely Gramm would have prevailed on Deere's obviousness challenges to claims 12-26. Under that

outcome, Deere would have been barred under 35 U.S.C. §§ 315(e)(1) and (2) to challenge those claims again elsewhere on the basis of obviousness or anticipation.

Second, since the *SAS* decision was issued, this Court has consistently remanded cases to the Board upon motion by a party to have the non-instituted claims of pending appeals decided by the Board. *See Adidas AG v. Nike, Inc.,* slip op. at 3-4 (Fed. Cir. July 2, 2018) (citing *Baker Hughes Oilfield, v. Smith Int'l, Inc.,* Nos. 2018-1754, -1755, slip op. at 4-5 (Fed. Cir. May 30, 2018); *Polaris Indus. Inc. v. Arctic Cat, Inc.,* Nos. 2017-1870, 2017-1871, slip op. at 3-4 (Fed. Cir. May 30, 2017); *Ulthera, Inc. v. DermaFocus LLC,* No. 2018-1542, slip op. at 3 (Fed. Cir. May 25, 2018)).[3] In *Adidas,* the court noted that it had not found waiver to bar remand of the identified cases as *SAS is* a significant change in the law. *Adidas, slip op.* at 3. According to the court, "[p]recedent holds that a party does not waive an argument that arises from a significant change in law during the pendency of an appeal." *Id.* Any attempt to argue for full institution prior to the Supreme Court's decision in *SAS* would have been futile under the Board's regulations and this Court's precedent. *See* 37 C.F.R. § 42.108 (permitting partial institution); *Synopsys, Inc. v. Mentor Graphics Corp.,* 814 F.3d 1309, 1315 (Fed. Cir. 2016) ("[T]he statute is quite clear that the PTO can choose whether to institute inter partes review on a claim-by-claim basis."). As a result, this Court excused the failure of Polaris and other parties to challenge the Board's partial institution and remanded the cases to the Board for consideration of the non-instituted claims and grounds. *Adidas AG,* slip op. at 3-4;

[3] The *Baker Hughes Oilfield, Polaris,* and *Ulthera* orders are nonprecedential.

*see also Polaris,* slip op. at 4 (stating "[p]rior to the Supreme Court's decision in *SAS,* any attempt to argue against partial institution would have been futile under the Board's regulations and our precedent.") (nonprecedential order).[4]

Thus, this Court has not found that any party waived its argument to have non-instituted claims heard by the Board pursuant to 35 U.S.C. § 318(a) and *SAS.* If the mandates are not recalled in these appeals, it is quite possible that Gramm could be the only patent owner with a pending appeal and motion for remand who will not have his non-instituted claims heard by the Board in light of *SAS.* Such an outcome would constitute an injustice to Gramm. It would deprive him of equal application of the *SAS* decision in contravention of the directive of *Harper* and thereby would undermine the integrity of the judicial process.

Finally, Gramm will be prejudiced if the mandates are not recalled, the judgments vacated, and the cases remanded to the Board for further consideration in light of *SAS.* Without this relief, Gramm is confronted with additional challenges by Deere to claims 12-26 of the '395 Patent in the form of Deere's *ex parte* reexamination requests. After reviewing the Board's Institution Decisions with regard to claims 12-26, Deere filed multiple, new challenges to those claims that Gramm must now defend, challenges that would not be allowed under 35 U.S.C. § 315(e)(1) if the Board had decided all challenged claims during the initial IPR. Reexam No. 90/013,868 is now on appeal to the Board. *See* Appeal No. 2018-006732.

[4] Gramm did not raise the failure of the Board to hear the non-instituted claims either before the Board or in its opening brief in these appeals.

Combined, these circumstances are extraordinary and provide good cause to recall the mandates in these cases. Failure to recall the mandates and vacate the judgments in these appeals will deprive Gramm of the retroactive benefit of *SAS* that has been recently afforded to other parties during the appeals in which they were involved and subject Gramm to further litigation that should be barred by 35 U.S.C. § 315(e). Consequently, these cases involve exceptional circumstances and good cause for a recall of the mandates. The relief Gramm requests is necessary to prevent an injustice to him, to prevent the incomplete Final Decisions of the Board from being *ultra vires* acts in violation of 5 U.S.C. §§ 706(2)(A) and (C), to assure that the *SAS* decision is applied equally to all similarly situated parties, and to preserve the integrity of the judicial process.

## II. THE JUDGMENTS SHOULD BE VACATED AND THE CASES REMANDED TO THE BOARD.

If the mandates are recalled, these cases will be identically situated to the cases that this Court has previously remanded to the Board for consideration of non-instituted claims. The reasons supporting the recall of the mandates, set forth above, also support and justify the judgments being vacated. Further, the same reasons that compelled this Court to remand the cases cited above will exist to justify remand of these cases, including the direction of the Supreme Court in *SAS* that the Board decide the challenges to *all* claims identified in the IPR petitions in compliance with the requirement of 35 U.S.C. §318(a). As a result, the judgments in these cases should be vacated and the cases remanded to the Board for further proceedings concerning claims 12-26 in light of *SAS.*

## III. COMPLIANCE WITH FEDERAL COURT RULE 27(A)(5)

The parties conferred pursuant to Federal Rule 27(a)(5). Counsel for Gramm inquired if Deere would consent to Gramm's motion and requested relief. Counsel for Deere indicated that Deere does not consent to the motion or requested relief and that Deere desires to file a responsive brief. *See* Declaration of John A. Cotter dated July 12, 2018.

## IV. CONCLUSION

For the foregoing reasons, Gramm requests that this Court recall the mandates in these two cases, vacate the judgments, and remand these cases to the Board for consideration of non-instituted claims 12-26 and any other consideration in light of *SAS*.

Dated: July 12, 2018

Respectfully Submitted,

/s/ David P. Swenson

John A. Cotter
Thomas J. Oppold
David P. Swenson
Katherine E. Muller
**Larkin Hoffman Daly & Lindgren Ltd.**
8300 Norman Center Drive, Suite 1000
Minneapolis, Minnesota 55437-1060
(952) 835-3800
Email: jcotter@larkinhoffman.com
toppold@larkinhoffman.com
dswenson@larkinhoffman.com
kmuller@larkinhoffman.com

*Attorneys for Appellant Richard Gramm*

**DECLARATION OF JOHN A. COTTER IN SUPPORT OF APPELLANT RICHARD GRAMM'S MOTION TO RECALL THE MANDATE, VACATE THE JUDGMENT, AND REMAND TO THE PATENT AND TRIAL APPEAL BOARD FOR FURTHER PROCEEDINGS**

I, John A. Cotter, declare as follows:

1. My name is John A. Cotter. I am a shareholder at Larkin Hoffman Daly & Lindgren Ltd.

2. I represent Appellant Richard Gramm ("Mr. Gramm") in this matter.

3. On July 11, 2018, I discussed with Jeffry Nichols, counsel for Appellee Deere & Company ("Deere"), Mr. Gramm's intention to file a motion to recall the mandate, vacate the judgment, and remand the case to the Patent and Trial Appeal Board in light of *SAS Institute Inc. v. Iancu,* 138 S. Ct. 1348 (2018) to address non-instituted claims 12-26. I asked Mr. Nichols if Deere would consent to Gramm's motion and requested relief.

4. Mr. Nichols responded that Deere does not consent to Gramm's motion and requested relief and Deere desires to file a response to the motion.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 12, 2018

/s/ John A. Cotter
John A. Cotter

# CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing Motion to Recall the Mandate, Vacate the Judgment, and Remand to the Patent and Trial Appeal Board for Further Proceedings with the Clerk of the United States Court of Appeals for the Federal Circuit via the CM/ECF system this 12th day of July, 2018, and served a copy on counsel of record by the CM/ECF system to counsel for Appellee Deere on the service list below.

Gary M. Ropski
Joshua H. James
Jeffry M. Nichols
Laura A. Lydigsen
Jafon L. Fearson
**BRINKS GILSON & LIONE**
NBC Tower – Suite 3600
455 N. Cityfront Plaza Dr.
Chicago, Illinois 60611-5599
Tel.: 312.321.4200
Fax: 312.321.4299
Email: gropski@brinksgilson.com
jnichols@brinksgilson.com
jjames@brinksgilson.com
llydigsen@brinksgilson.com
jfearson@brinksgilson.com

/s/ David P. Swenson

***Attorney for Appellant Richard Gramm***

4831-7686-1036, v. 1